IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 12-cv-00989-LTB

JANICE K. STEPHAN,

    Plaintiff,

v.

BROOKDALE SENIOR LIVING COMMUNITIES, INC.,

    Defendant.

_____

ORDER
_____

This matter is before me on cross motions regarding attorney fees. The first is Defendant Brookdale Senior Living Communities, Inc.'s, Application for Attorney Fee Award Pursuant to Court Order of September 17, 2012 **[Doc #19]**. The second is Plaintiff Janice K. Stephan's Motion for Reconsideration of Award of Attorney's Fees **[Doc #20]**. After considering the parties' arguments, for the reasons below, I GRANT Plaintiff's motion and DENY Defendant's as moot.

**I. Background**

The background of this action is familiar to the parties and is set forth in my September 17, 2012, Order Granting Defendant's Motion to Compel Arbitration (the "Order"). *See* Doc. #18. In brief, Plaintiff filed suit asserting employment discrimination claims against Defendant. Defendant filed a motion that sought to compel arbitration, stay the proceedings, and sought an award of its costs and attorney fees. The Order granted that motion. *See* Order.

The cross motions before me now flow from the portion of the Order which awarded Defendant its attorney fees. Defendant's instant motion seeks $7,730.00 in attorney fees. Pursuant

to Fed. R. Civ. P. 59(e), Plaintiff's motion asks that I reconsider awarding Defendant attorney fees and that I amend the Order to deny them.

## II. Discussion

I begin with Plaintiff's motion for reconsideration because granting it would preclude the need to consider Defendant's motion.

### A.
### Plaintiff's Motion for Reconsideration

#### 1

Despite Plaintiff's styling, "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' " *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nevertheless, "motions for reconsideration are routinely entertained in one form or another, by federal courts." *United States of America v. RK Specialties, Inc.*, 2012 WL 3264296, *1 (D. Colo. Aug. 10. 2012) (unpublished). One form is a motion to alter or amend a judgment under Rule 59(e). Such a motion "must do two things: First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988) (internal quotation marks and citation omitted). Generally, three grounds justify reconsideration. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). These are (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Id.* "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Plaintiff's motion for reconsideration rests upon the third ground. In the Order, after concluding that the dispute must be arbitrated and this action stayed, I addressed Defendant's

request for reasonable attorney fees. *See* Order at 11. There, Defendant argued that it was entitled to its reasonable attorney fees under 28 U.S.C. § 1927 because Plaintiff refused to submit her claims to arbitration "even though she was contractually obligated to do so." *See* Def.'s Mot. to Compel Arbitration, Doc. # 8, at 8. I found that "Plaintiff . . . d[id] not argue otherwise. Accordingly, I granted[ed] th[at] portion of Defendant's [motion to compel arbitration]." Order at 11. Plaintiff now argues that awarding Defendant its attorney fees under 28 U.S.C. § 1927 is clearly erroneous and manifestly unjust. I therefore look to § 1927.

**2**

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.' " 28 U.S.C. § 1927. A court may thus award a party its attorney fees under § 1927 if (1) the actions of the opposing attorney multiply the proceedings, and (2) the opposing attorney's actions are vexatious and unreasonable. *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140, 1144 (D. Colo. 2000) (citing *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985)). The Tenth Circuit has also stated that "[s]anctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law. They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1122 (10th Cir. 2006) (quoting *Dominion Video Satellite, Inc.*, *v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005)); *see also Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987) (attorney's fees "are imposable against an attorney personally for conduct that, viewed objectively,

3

manifests either intentional or reckless disregard of the attorney's duties to the court." ).

**3**

Plaintiff argues that awarding Defendant its attorney fees per § 1927 is unwarranted because her attorneys' actions, specifically their response to Defendant's motion to compel, do not rise to the level of conduct § 1927 contemplates. After reviewing Defendant's motion to compel arbitration, Plaintiff's instant motion, and the briefs associated with both, as well as the Order, I agree.

I discussed the parties' pertinent arguments in detail in the Order, and I incorporate that discussion here. *See* Order at 5-11. Ultimately I found Plaintiff's arguments against arbitration "flawed," *id.* at 8, and concluded that her claims must be arbitrated. *See* Order at 8, 6-10. This, however, is not tantamount to sanctionable conduct under § 1927. *See Shackelford*, 96 F. Supp. 2d at 1148 ("Dismissal of the intentional infliction of emotional distress claim for failing to meet the legal standard is to be distinguished, however, from an attorney's pursuit of a meritless or frivolous claim sanctionable under 28 U.S.C. § 1927). Conduct is vexatious and unreasonable "if the attorney acts in bad faith or if the attorney's conduct constitutes a reckless disregard for the duty owed by counsel to the court." *Id.* at 1144 (internal citation omitted). While a claim may not be frivolous at the outset, "an inference of bad faith can be drawn from the fact that an attorney prosecutes a meritless claim or continues to prosecute a claim after its lack of merit becomes apparent." *Id*. at 1144-45. Reckless conduct is not "mere negligence. Thus, inadvertence, incompetence, or unskillfulness do not warrant sanctions under § 1927." *Id.* at 1144. The attorney's conduct must instead evince "serious and studied disregard for the orderly processes of justice." *Dreiling*, 768 F.2d at 1165 n. 16.

I did not find or intimate in the Order that Plaintiff's attorneys' conduct was vexatious and unreasonable, that they proffered clearly frivolous or meritless claims or arguments, or that they otherwise acted recklessly or indifferently to the law. *See* Order at 5-11; *see also Braley*, 832 F.2d at 1513 ("When a court imposes sanctions under 29 U.S.C. § 1927, . . . it must sufficiently express the basis for the sanctions imposed to identify the excess costs reasonably incurred by the party to whom they will be due. If a trial court imposes sanctions, specific findings are required . . . .") (internal citations omitted). Rather, I simply concluded that Plaintiff was wrong with respect to whether her claims must be arbitrated. *See* Order at 7-10. If anything the Order suggests that Plaintiff's arguments were colorable. *See id.* at 5-10. Furthermore, as I review Plaintiff's arguments against arbitration again, and consider her instant motion, I do not reach a different conclusion now. And Plaintiff's attorney's should not be sanctioned simply because they were wrong. *See Shackelford*, 96 F. Supp. 2d at 1148.

I am also mindful of the fact that my § 1927 powers must " 'in no way . . . dampen the legitimate zeal of an attorney in representing his client.' " *Braley*, 832 F.2d. at 1512 (quoting H.R.Conf.Rep. No. 1234, 96th Cong., 2d Sess. 8, *reprinted in* 1980 U.S.Code Cong. & Ad.News 2716, 2781, 2782 (discussing 1980 amendments that provided for assessment of attorney's fees as well as costs under § 1927)). As such, my § 1927 powers "must be strictly construed.' " *Id*. Strictly construed, § 1927 does not reach Plaintiff's attorneys' conduct here.

Nor can § 1927 sanctions be justified based upon Defendant's motion to compel arbitration. There, Defendant's argument for attorney fees consisted of two sentences. *See* Def.'s Mot. to Compel Arbitration at 8. Defendant only parenthetically and obliquely referenced § 1927, and it did not explain how Plaintiff's attorneys' conduct was vexatious and unreasonable. *See id*.

5

For these reasons I find awarding Defendant its attorney fees under 28 U.S.C. § 1927 would be unwarranted. Doing so would therefore be clearly erroneous or manifestly unjust. Accordingly, I grant Plaintiff's motion.

**B.**
**Defendant's Application for Attorney's Fees**

Because I grant Plaintiff's motion, I need not consider Defendant's application for attorney fees, and I dismiss it as moot. *See, e.g., RK Specialties, Inc.*, 2012 WL 3264296, *1 ("The Court will address first Plaintiff's motion for reconsideration, because granting it would preclude the need to consider the reasonableness of Defendants' motion for attorneys' fees.").

**III. Conclusion**

For the foregoing reasons, IT IS ORDERED that

(1) Defendant's Application for Attorney Fee Award Pursuant to Court Order of September 17, 2012 **[Doc #19]** is DENIED as moot; and

(2) Plaintiff's Motion for Reconsideration of Award of Attorney's Fees **[Doc #20]** is GRANTED. Consequently, my September 17, 2012, Order **[Doc #18]** is amended so as to deny Defendant's motion to compel arbitration **[Doc #8]** insofar as it requests an award of reasonable attorney's fees.

Date: February __25__, 2013, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE